**FILED IN CHAMBERS**
**U.S.D.C ATLANTA**

Date: Jan 25 2022

**KEVIN P. WEIMER**, Clerk

By: s/Kari Butler
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| ERIC SHERARD JONES, | : | MOTION TO VACATE |
| BOP # 71320-019, | : | 28 U.S.C. § 2255 |
| Movant pro se, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 4:18-CR-6-HLM-WEJ-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
| Respondent. | : | 4:19-CV-49-HLM-WEJ |

## FINAL REPORT AND RECOMMENDATION

Movant pro se, Eric Sherard Jones, submitted a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Motion to Vacate") [36]. The government filed a Response [39]. Movant did not file a reply. For the reasons stated below, the undersigned **RECOMMENDS** that the Motion to Vacate be **DENIED**.

### I.   PROCEDURAL HISTORY

On June 20, 2018, movant pleaded guilty to failure to register as a sex offender, in violation of 18 U.S.C. § 2250(a) [1, 23, 24]. On December 20, 2018, the District Court filed the Judgment and Commitment, sentencing movant to thirty months of imprisonment, followed by lifetime supervised release [35]. Movant did

not appeal. (Mot. Vacate 1.) On March 11, 2019, movant timely executed the Motion to Vacate. (Id. at 12.)

Movant claims that (1) the sentence unconstitutionally (a) impairs movant's freedom of religion and rights to travel, vote, and marry, and (b) subjects movant to unreasonable searches and seizures, (2) movant's due process rights were violated because the plea agreement and presentence investigation report did not inform movant of a possible sentence of lifetime supervised release, (3) movant "cannot afford to pay" for lifetime supervised release, (4) movant's sentence constitutes cruel and unusual punishment, and (5) trial counsel provided ineffective assistance by failing to "argue for any adjustments to this life sentence [of supervised release]." (Mot. Vacate 4-9.)

## II.  STANDARD OF REVIEW

A motion to vacate, set aside, or correct sentence may be made "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255(a). "[C]ollateral review is not a substitute for a direct appeal . . . ." Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam). Section 2255 relief "is reserved for

transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." Id. (quoting Richards v. United States, 837 F.2d 965, 966 (11th Cir. 1988) (per curiam)) (internal quotation marks omitted). "[F]ailure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." Massaro v. United States, 538 U.S. 500, 509 (2003).

A § 2255 movant "has the burden of sustaining [the] contentions by a preponderance of the evidence." Tarver v. United States, 344 F. App'x 581, 582 (11th Cir. 2009) (per curiam) (quoting Wright v. United States, 624 F.2d 557, 558 (5th Cir. 1980)). The Court need not conduct an evidentiary hearing when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b). In the present case, the undersigned determines that an evidentiary hearing is not needed because the Motion to Vacate and record of the case conclusively show that movant is not entitled to relief.

### III. DISCUSSION

#### A. Ineffective Assistance of Counsel

To demonstrate ineffective assistance of counsel, a convicted defendant must show that (1) "counsel's performance was deficient," and (2) "the deficient

3

performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984).  As to the first prong of Strickland, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."  Id. at 689 (internal quotation marks omitted).  "A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."  Id. at 690.  As to the second prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id. at 694.  A court may consider either prong first and need not address the other "if the defendant makes an insufficient showing on one."  Id. at 697.

Movant claims that trial counsel provided ineffective assistance by failing to "argue for any adjustments to this life sentence [of supervised release]."  (Mot. Vacate 8.)  However, as the government correctly explains, movant fails to specify the "adjustments" that counsel allegedly should have raised.  (Resp. 17-18.)

4

Therefore, movant does not prove by a preponderance of the evidence that counsel was ineffective.

### B. Procedural Default

"Generally, if a challenge to a conviction or sentence is not made on direct appeal, it will be procedurally barred in a 28 U.S.C. § 2255 challenge" unless the movant "overcome[s] this procedural default by showing both cause for [the] default as well as demonstrating actual prejudice suffered as a result of the alleged error." Black v. United States, 373 F.3d 1140, 1142 (11th Cir. 2004). "[T]o show cause for procedural default, [a § 2255 movant] must show that some objective factor external to the defense prevented [movant or counsel] from raising [the] claims on direct appeal and that this factor cannot be fairly attributable to [movant's] own conduct." Lynn, 365 F.3d at 1235. To demonstrate actual prejudice, a movant must show that the alleged error "worked to [movant's] actual and substantial disadvantage, infecting [the] entire trial with error of constitutional dimensions." Reece v. United States, 119 F.3d 1462, 1467 (11th Cir. 1997) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)).

As an alternative to showing cause and actual prejudice, a § 2255 movant may overcome a procedural default if "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Lynn, 365 F.3d at

1234-35 (quoting Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994) (per curiam)) (internal quotation marks omitted). "[A]ctual innocence means factual innocence, not mere legal innocence." Id. at 1235 n.18 (citing Bousley v. United States, 523 U.S. 614, 623 (1998)) (internal quotation marks omitted).

Movant's remaining grounds are procedurally defaulted because movant failed to raise them on direct appeal. Movant fails to overcome the procedural default because movant neither (1) shows cause and actual prejudice, nor (2) presents proof of actual innocence. (Resp. 7-9.)

Accordingly, the undersigned **RECOMMENDS** that the Motion to Vacate be **DENIED**.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C.§ 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter,

agree that) the [motion to vacate] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a [motion to vacate] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009) (citing Slack, 529 U.S. at 484) (internal quotation marks omitted).

The undersigned **RECOMMENDS** that a certificate of appealability be denied because the resolution of the issues presented is not debatable. If the District Court adopts this recommendation and denies a certificate of appealability, movant "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2255, Rule 11(a).

V.  **CONCLUSION**

For the reasons stated above, the undersigned **RECOMMENDS** that the Motion to Vacate [36] be **DENIED**, a certificate of appealability be **DENIED**, and civil action number 4:19-cv-49-HLM-WEJ be **CLOSED**.

The Clerk is **DIRECTED** to terminate the referral of the Motion to Vacate to the undersigned.

**SO RECOMMENDED**, this 25th day of January, 2022.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE